Texas Dept. of Transp. v. Cotner 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-255-CV

     TEXAS DEPARTMENT OF TRANSPORTATION,
     FORMERLY KNOWN AS STATE DEPARTMENT
     OF HIGHWAYS AND PUBLIC TRANSPORTATION,
                                                                                              Appellant
     v.

     STEPHEN COTNER AND CHERIE R. COTNER,
                                                                                              Appellees
 

From the 249th District Court
Johnson County, Texas
Trial Court # 249-247-85
                                                                                                    

OPINION ON MOTION FOR REHEARING
                                                                                                    

      Cherie Cotner has filed a motion for rehearing asking us to "clarify the matter of the amount
of post-judgment interest which she is entitled to receive." Cherie argues that post-judgment
interest should accrue from February 13, 1991, the date of the initial judgment against the State.
However, when the Supreme Court reversed this court's opinion in the first appeal, it remanded
the case to the trial court for further proceedings, with instructions that the trail court was "free
to render a final judgment or to grant all parties a new trial, and to take other actions not
inconsistent with this opinion."


 On remand, the trial court entered an amended judgment, signed
on August 30, 1993, awarding Cherie $250,000, "with interest thereon at the maximum lawful
rate from the date of this Judgment until paid."
      Although Cherie's brief concludes with a prayer that "the judgment of the trial court dated
February 13, 1991, will again be affirmed," that is not the judgment from which the State
perfected this second appeal. In addition to awarding damages to Cherie, the amended judgment
ordered that Stephen recover nothing on his claims against the State and denied the State's
counterclaim for contribution against Stephen. With regard to the amended judgment, the record
does not reflect that Cherie objected to the judgment's award of interest from "the date of this
Judgment."


 Furthermore, because Cherie did not raise this complaint by crosspoint in her brief
on original submission, we decline to address it now on motion for rehearing.



      We deny Cherie Cotner's motion for rehearing.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Motion for rehearing denied
Opinion delivered and filed June 8, 1994
Publish